IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2015 JUL 31  PM 2: 22

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____

CLARENCE E. EVANS,

         **Plaintiff,**

-vs-
                                       **Case No. A-15-CA-436-SS**

**WILLIAMSON COUNTY GOVERNMENT, TEXAS et al.,**

         **Defendants.**

_____

# O R D E R

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Plaintiff Clarence E. Evans's Complaint, styled as "Petition to Vacate Lower Court Order, Grant Request for a New Trial, and Change of Jurisdiction" [#1], Plaintiff's Motion for Appointment of Counsel [#3], the Report and Recommendation of the United States Magistrate Judge [#4], and Plaintiff's Objections [#9] thereto. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders.

All matters in this case were referred to United States Magistrate Judge Mark Lane for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Evans is entitled to de novo review of the portions of the Magistrate Judge's report to which he filed specific objections. 28 U.S.C. § 636(b)(1). All other review is for plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d

1415, 1428–29 (5th Cir. 1996) (en banc).  Nevertheless, this Court has reviewed the entire file de novo, and agrees with the Magistrate Judge's recommendation.

## Background

Plaintiff Clarence E. Evans makes the following allegations.  In September 2007, Evans filed a child custody suit in Texas Family Court Number 4, Williamson County, Texas (Family Court). The judge granted Evans's request to change his child's name and ordered Evans to pay $450 per month in child support and $91 per month in medical support.  In November 2008, the mother of Evans's child allegedly filed two motions for default judgment, which Evans complains were never served upon him, and instead were served only upon his attorney.  Evans alleges this failure of personal service denied him the right to paternity testing and appeal of the default judgment apparently entered against him.

In November 2010, Evans filed a request to modify his child support payments and a request for paternity testing of the child with the Office of the Attorney General Child Support Unit.  Evans thereafter allegedly received a letter from the OAG indicating the amount of child support he was then paying was "inappropriate" and should be reduced.  At a settlement hearing which took place in February 2011, it became apparent that through a clerical error, Evans was being charged $182 per month in medical support for the child, rather than the $91 ordered by the court.  This error caused Evans's account to be placed in arrearage, which triggered an additional fee of $50 per month.

In May 2011, a second settlement hearing was held, and all parties involved allegedly agreed Evans's monthly child support obligation would be limited to the original amount ordered by the court, and all arrearages would be voided.  The mother of Evans's child, however, allegedly refused

to sign the settlement paperwork.  It is not clear what occurred following the second settlement hearing.  Evans alleges he sought legal aid in January 2014 and filed a suit to modify the parent-child relationship in March 2014.  The court entered a default judgment against Evans in that suit on April 22, 2015.

Evans claims his child support obligations caused him to experience "extreme financial hardships," including homelessness, difficulty purchasing basic necessities, and consequences associated with defaulting on his credit obligations.  Evans asks this Court to vacate the Family Court's order, grant Evans a new trial, transfer the case to Travis County Family Court, and order the defendants to pay him (sic throughout) "$3.18 million dollars in monetary damages plus 2 million dollars in punitive damages and $ 2 hundred thousand dollars in restitution."  Compl. [#1] at 8–9.

## Analysis

This Court shall dismiss a case brought *in forma pauperis* if the Court determines the action (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).  "A district court may dismiss under § 1915 for failure to state a claim if it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."  *Trujillo v. Williams*, 465 F.3d 1210, 1224 (10th Cir. 2006).  Such a dismissal may occur at any time, before or after service of process and before or after the defendant's answer.  *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

This Court lacks jurisdiction to hear Evans's claims under the *Rooker-Feldman* doctrine.  As the Fifth Circuit has explained:

> The Supreme Court has definitively established, in what has become known as the *Rooker-Feldman* doctrine, that federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts. If a state court errs the judgment is not void, it is to be reviewed and corrected by the appropriate state appellate court. Thereafter, recourse at the federal level is limited solely to an application for writ of certiorari to the United States Supreme Court.

*Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000) (internal quotations and footnotes omitted). Federal courts frequently apply the doctrine to bar federal jurisdiction over family law matters such as child support. *See, e.g.*, *Gorzelanczyk v. Baldassone*, 29 F. App'x 402, 403–04 (7th Cir. 2002) (unpublished) (finding suit challenging contempt order enforcing child support order barred by *Rooker-Feldman*); *Laskowski v. Attorney Gen. of Tex.*, No. CIVA H-05-1428, 2006 WL 2479101, at *2 (S.D. Tex. Aug. 25, 2006) (finding suit challenging child support arrearages barred by *Rooker-Feldman*). Evans is challenging a state court judgment ordering him to pay child support. Consequently, under the *Rooker-Feldman* doctrine, this Court lacks jurisdiction to entertain Evans's claim. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (stating the *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and invoking district court review and rejection of those judgments"). As there is no basis for this Court to assert jurisdiction, dismissal is warranted.

Alternatively, the Court agrees with the Magistrate Judge that this case is subject to dismissal under the domestic relations exception to federal jurisdiction. Pursuant to the exception, federal courts have traditionally refused to adjudicate cases involving marital status or child custody. *Rykers v. Alford*, 832 F.2d 895, 899 (5th Cir. 1987). The courts have reasoned that (1) state courts have greater expertise and interest in domestic matters; (2) domestic matters often require ongoing

supervision, a task for which federal courts are unsuited; (3) piecemeal adjudication of domestic matters increases the chance of different courts handing down incompatible decrees; and (4) domestic matters serve no particular federal interest, while crowding the federal docket. *Id.* at 899–900 (citing *Jagiella v. Jagiella*, 647 F.2d 561 (5th Cir. 1981); WRIGHT, MILLER, & COOPER, 13E FED. PRAC. & PROC. JURIS. § 3609 (3d ed.)). If, in order to resolve the case, "the federal court must determine . . . how much child support should be paid and under what conditions, or whether a previous court's determination on these matters should be modified, then the court should dismiss the case." *Id.* As Evans asks this Court to vacate the Family Court's determination, his suit is alternatively subject to dismissal under the exception.

**Conclusion**

Accordingly,

IT IS ORDERED that the Report and Recommendation of the United States Magistrate Judge [#4] is ACCEPTED;

IT IS FURTHER ORDERED that Plaintiff Clarence E. Evans's Objections [#9] are OVERRULED;

IT IS FURTHER ORDERED that Plaintiff Clarence E. Evans's Complaint [#1] is DISMISSED WITHOUT PREJUDICE for want of jurisdiction; and

IT IS FINALLY ORDERED that Plaintiff Clarence E. Evans's Motion for Appointment of Counsel [#3] is DISMISSED as moot.

SIGNED this the 31st day of July 2015.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE